Clarence Allen OAKLEY, Appellant,

v.

CITY OF PASADENA, a Municipal Corporation, et al., Appellees.

CITY OF PASADENA, a Municipal Corporation, et al., Appellant,

v.

Clarence Allen OAKLEY, Appellee.

Nos. 75-2409 and 75-2673.

United States Court of Appeals, Ninth Circuit.

May 3, 1976.

Richard R. Terzian, Los Angeles, Cal., for City of Pasadena.

Charles B. Johnson, Pasadena, Cal., for Clarence Allen Oakley.

OPINION

Before GOODWIN and SNEED, Circuit Judges, and VAN PELT,* Senior District Judge.

VAN PELT, Senior District Judge:

This is an action for damages and to redress alleged civil rights violations. The case was previously before this court as case number 72-3034 and an unpublished memorandum was filed by another panel

---

* Honorable Robert Van Pelt, Senior United States District Judge, Lincoln, Nebraska, sitting by designation.

remanding it for further proceedings. Pursuant to directions of this court an amended complaint was filed. Defendants moved for summary judgment, which was granted. This appeal follows. Defendants' motion for attorneys fees was also denied. Defendants have cross-appealed. We affirm both orders of the district court.

While numerous issues have been presented by the parties a decision of three main issues will resolve this appeal:

1) Whether, under the facts of this case, the individual defendants have a qualified immunity because they acted in good faith.
2) Whether the City of Pasadena has absolute immunity from damage liability under 42 U.S.C. § 1983.
3) Whether the district court abused its discretion in denying the appellees' request for attorneys fees.

In January, 1971 appellant submitted a nominating petition to the defendant Jenkins, who was then City Clerk of Pasadena, declaring his candidacy in the primary election for a position on the City's Board of Directors. At that time the Pasadena City Charter required members of the Board to be residents of the district from which they were elected and to have resided in the City for at least two years immediately preceding the election.

The Pasadena Board directed the City Attorney to report on the residence qualifications of the appellant and one other candidate. He reported that there were insufficient facts before the Board on which to make a decision. The Board then directed further investigation to be conducted by the police department.

The police report stated that the investigation failed to show Oakley had lived in Pasadena during 1969 and 1970. After considering the report the Board ordered Oakley's name be barred from the primary ballot.

The appellant immediately sought and was granted a Writ of Mandate from a judge of the California Superior Court directing that his name be placed on the ballot. This was done. The appellant was defeated in the March primary.

In September, 1971, the appellant filed the original complaint in this action. In September, 1972, the district court granted the appellees' motion to dismiss. This dismissal was reversed on appeal to this court in an unpublished memorandum which relied on *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974), and its holding that government officials have only a qualified immunity from such actions.

On remand, the district court permitted the appellant to file an amended complaint. In February, 1975, the district court granted summary judgment for the appellees, finding that the City had absolute immunity and that Oakley had not presented sufficient facts to show that the individual defendants had failed to act in good faith and had not acted within their official capacities.

The appellant apparently ignores the decision in *Scheuer v. Rhodes, supra,* which controls the central issue in this case.

"[A] qualified immunity is available to officers of the executive branch of government, the variation being dependent upon the scope of discretion and responsibilities of the office and all the circumstances as they reasonably appeared at the time of the action on which liability is sought to be based. *It is the existence of reasonable grounds for the belief formed at the time and in light of all the circumstances, coupled with good-faith belief, that affords a basis for qualified immunity of executive officers for acts performed in the course of official conduct.*" *Id.* at 247–248, 94 S.Ct. at 1692, 40 L.Ed.2d at 103. [Emphasis added].

■ The appellant presented no facts to dispute the appellees' good faith claim and has presented no argument to this court to dispute those claims.[1] The Board members

1. In fact, the appellant merely cites Chief Justice Warren in *Spencer v. Texas,* 385 U.S. 554,

87 S.Ct. 648, 17 L.Ed.2d 606 (1967), as stating: "The road to Hell is paved with 'good faith

in this case were compelled to enforce the City Charter and were presented with a police report containing substantial evidence of Oakley's non-residency. The affidavits presented in support of the summary judgment motion support the appellees' contentions that they acted in good faith within their official capacities. Since the appellant presented nothing to dispute the good faith claim, the individual appellees are immune from further suit and summary judgment in their favor was proper.

The recent case of *Paul v. Davis*, —— U.S. ——, 96 S.Ct. 1155, 47 L.Ed.2d 405, 44 L.W. 4337, 1976, gives further support for this affirmance. In the *Paul* case the Supreme Court again reaffirmed its position against "any attempt to derive from congressional civil rights statutes a body of general federal tort law." *Id.* at ——, 96 S.Ct. at 1160, 47 L.Ed.2d at 413, 44 L.W. at 4339. *See, Griffin v. Breckenridge*, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971).

■ The City of Pasadena has absolute immunity from suit under 42 U.S.C. § 1983 because it is not a "person" within the meaning of that statute. *Monroe v. Pape*, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1960).

■ The allowance or denial of attorneys fees for the appellees was within the trial court's discretion. Its action in denying such fees was not an abuse of that discretion. We agree with the concluding sentence of appellees' brief—"This case has gone on long enough and should come to an end."

The trial court's order is affirmed in all respects.

defenses' by public officials." Appellant's brief p. 8. The Court has read this case and can find nothing remotely approaching this quote and in fact *Spencer v. Texas* hasn't the remotest application to this case.